THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BKB PROPERTIES, LLC,                )
                                    )
        Plaintiff,                  )
                                    )   Civil Action No. 3:08-cv-00529
v.                                  )   Judge Aleta A. Trauger
                                    )   Magistrate Juliet Griffin
SUNTRUST BANK,                      )
                                    )
        Defendant.                  )

## **MEMORANDUM**

Pending before the court is the defendant's Motion for Attorneys' Fees and Expenses (Docket No. 53), to which the plaintiff has responded (Docket No. 57). For the reasons stated herein, the defendant's motion will be GRANTED, and the defendants will be awarded attorneys' fees and expenses in the full requested amount of $69,716.58.

The plaintiff, BKB Properties, LLC ("BKB"), filed the complaint in this action in Davidson County Chancery Court on April 14, 2008. (Docket No. 1). On May 23, 2008, SunTrust Bank ("SunTrust") removed the action to this court. (*Id.*) BKB asserted four causes of action in its complaint: breach of contract, libel of title, violation of the Tennessee Consumer Protection Act ("TCPA"), and fraud. (*Id.*) In a Memorandum and accompanying Order, both dated March 2, 2009, this court granted SunTrust's motion to dismiss BKB's breach of contract, libel of title, and TCPA claims. (Docket Nos. 28 and 29). The court denied SunTrust's motion to dismiss BKB's alternative claim that it was fraudulently induced to enter into the swap transaction. (*Id.*)

On September 25, 2009, by Order and accompanying Memorandum, this court granted

1

SunTrust's motion for summary judgment on BKB's sole remaining claim of fraud and dismissed this case in its entirety. (Docket Nos. 49 and 50). BKB has filed a notice of appeal. (Docket No. 51).

Defendant SunTrust now seeks an award of attorneys' fees and costs associated with this lawsuit based on Section 10.11 of the parties' Construction Loan Agreement ("Agreement")[1]. (Docket No. 53). SunTrust has requested an award in the amount of $67,026.70 for attorneys' fees and $2,689.88 for related expenses, for a total of $69,716.58. (*Id.*) BKB opposes SunTrust's motion on the basis that SunTrust's attorneys' fee provision is unconscionable and unenforceable. (Docket No. 57). BKB has not challenged the amount of fees or expenses requested by SunTrust. (*Id.*)

## ANALYSIS

SunTrust's motion for attorneys' fees is governed by Local Rule 54.01(b), which provides in pertinent part as follows:

> (1) *Attorneys' fees after entry of District Court Judgment.* Unless otherwise provided by statute or other of the court, a motion for an award of attorney's fees and related nontaxable expenses shall be filed within thirty (30) days from the district court's entry of final judgment in the case.

M.D. Tenn. Local Rule 54.01(b)(1). SunTrust filed its motion for attorneys' fees and expenses within the time limit set forth in the Local Rules.

BKB has requested an oral hearing on SunTrust's instant motion under Local Rule 54.01(b)(3). (Docket No. 57 at 6). The court finds that an oral hearing is not necessary to the court's resolution of the issues raised in SunTrust's motion or in BKB's response thereto.

---

[1] The Agreement was attached as Exhibit A to the complaint. (Docket No. 1, Attach. 1 at pp. 10-35).

2

Accordingly, BKB's request for an oral hearing on SunTrust's motion for attorneys' fees will be denied.

1. *Applicability of Construction Loan Agreement to BKB's Claims*

SunTrust's motion for attorneys' fees and expenses is based on Section 10.11 of the parties' Construction Loan Agreement ("Agreement"), which states as follows:

> **Section 10.11 Expenses**. Borrower will pay all costs and expenses in connection with, and pertaining to, the closing of this Agreement, and all costs and expenses in connection with the preparation, execution, recording, filing, disbursement, transfer, administration, modification, collection and enforcement of this Agreement and the other Construction Loan Documents, including, but not limited to, reasonable legal fees, accounting fees, engineer's fees, Construction Inspector fees, advances, recording expenses, transfer taxes, other filing and recording fees and taxes, surveys, policies of title insurance and other insurance, examination of title and lien searches, appraisals, expenses of foreclosure, and other similar items. In the event of any action at law or suit in equity in connection with this Agreement or the other Construction Loan Documents, or any Default or Event of Default by Borrower under this Agreement or the other Construction Loan Documents, or Lender retains legal counsel in connection with this Agreement or the other Construction Loan Documents, Borrower, in addition to all other sums which such Borrower may be required to pay, shall pay to the Lender the reasonable attorney's fees of Lender. Borrower shall also be responsible for all reasonable attorneys' fees, costs and expenses that the Lender incurs in protecting, preserving or enforcing its interest in any collateral under the Construction Loan Documents.

(Docket No. 1, Attach. 1 at p. 26). SunTrust contends and BKB concedes that this language "could not be clearer." (Docket No. 54 at 4, Docket No. 57 at 3). The court, too, agrees that Section 10.11 of the Agreement is unambiguous. It provides that BKB is obligated to pay all reasonable attorneys' fees, costs, and expenses incurred by SunTrust in two situations: first, in "the event of any action at law or suit in equity in connection with this Agreement or the other

3

Construction Loan Documents;" and second, if SunTrust "retains legal counsel in connection with this Agreement or the other Construction Loan Documents." (Docket No. 1, Attach. 1 at p.26).

BKB is liable for SunTrust's reasonable attorneys' fees, costs, and expenses because both situations are present. First, BKB asserted that SunTrust breached its obligations under the loan documents and engaged in deceptive and unfair acts and practices with regard to the parties' loan transactions in violation of the TCPA. BKB also asserted a libel of title claim concerning BKB's continuing obligation to make swap payments even after BKB prepaid the Note. The court finds that BKB's breach of contract, TCPA, and libel of title claims were asserted "in connection with this Agreement or the Construction Loan Documents" and therefore fall within Section 10.11.

BKB additionally asserted a fraud claim, alleging that SunTrust made misrepresentations of material facts with respect to the swap transaction with the intent that BKB rely on those misrepresentations. It is evident that the Agreement's definition of "Construction Loan Documents" includes not only the documents evidencing the loan, but also the documents evidencing the related swap transactions because the term "Construction Loan Documents" in the Agreement is expressly defined to include "any Hedging Agreement," which in turn is defined to include "any interest rate swap." (Docket No. 1, Attach. 1 at pp. 4, 11, 13). Therefore, the court finds that BKB's claim that it was fraudulently induced to enter into the swap transaction is also within the scope of the fee provision in Section 10.11 of the Agreement.

Second, after BKB filed its complaint, SunTrust retained counsel "in connection with

4

this Agreement or the other Construction Loan Documents." Accordingly, the court finds that, under the plain terms of the Construction Loan Agreement, BKB is liable to SunTrust for all reasonable attorneys' fees and related expenses it incurred in this action, unless the court agrees with BKB that the plain terms of the Construction Loan Agreement are unconscionable and unenforceable.

### 2. *Unconscionability of Attorneys' Fee Provision*

BKB contends that SunTrust's request for attorneys' fees should be denied because the contract provision on which it relies to recover those fees is unconscionable. Under Tennessee law, an unconscionable contract "is one in which the provisions are so one-sided, in view of all the facts and circumstances, that the contracting party is denied any opportunity for meaningful choice." *Taylor v. Butler*, 142 S.W.3d 277, 285 (Tenn. 2004)(citing *Haun v. King*, 690 S.W.2d 869, 872 (Tenn. Ct. App. 1984)). Tennessee courts generally refuse to enforce a contract on grounds of unconscionability where the "inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other." *Id.*

"Unconscionability can be procedural or substantive or both." *Baptist Mem'l Hosp. v. Argo Constr. Corp.*, No. W2008-00822-COA-R3-CV, 2009 WL 2245667, at *7 (Tenn. Ct. App. July 29, 2009). Procedural unconscionability is usually "some impropriety during the process of forming the contract that deprives a party of a meaningful choice." *Id.* Substantive unconscionability involves whether the contract terms are "overly harsh or one-sided." *Id.*

The question of whether a contract or contractual provision is unconscionable is a

5

question of law.  *Taylor*,  142 S.W.3d at 285 (citing *Lewis Refrigeration Co. v. Sawyer Fruit, Vegetable & Cold Storage Co.*, 709 F.2d 427, 435 n.12 (6th Cir.1983)).   Whether a contract is unconscionable is determined based on the circumstances as they existed at the time the parties executed the contract.  *Id.*  If a contract or contract term is unconscionable at the time the contract is made, a court may refuse to enforce the contract, or may enforce the remainder of the contract without the unconscionable term.  *Id.*  (citing *Restatement (Second) of Contracts* § 208 (1981)).

BKB argues that the attorneys' fee provision in this case is substantively unconscionable because the provision, which was drafted by SunTrust, is sufficiently unfair and so one-sided as to "shock the judgment of a person of common sense."  *See Taylor*, 142 S.W.3d at 285.   The court disagrees.

The language of the attorneys' fee provision is not buried in the contract.   It is a clearly drafted and easy to understand provision.  The provision obligates BKB to pay any and all of SunTrust's reasonable attorneys' fees and expenses incurred in litigation related to the loan transaction, even if BKB is the prevailing party in the litigation.  The provision does not impose a reciprocal obligation on SunTrust.

Although BKB argues that this provision is indefensibly one-sided and unfair, "[i]t is well-settled in Tennessee that a 'court is not at liberty to make a new contract for parties who have spoken for themselves.'" *Amberjack, Ltd., Inc. v. Thompson*, No. 02A01-9512-CV-00281, 1997 WL 613676, at *7 (Tenn. Ct. App. Oct. 7, 1997)(quoting *Smithart v. John Hancock Mut. Life Ins. Co.*, 167 Tenn. 513, 525 (Tenn. 1934)).  This is so because "[p]arties to a contract are free to allocate risks and burdens between themselves as they see fit." *Id.* (quoting *Brown Bros.,*

6

*Inc. v. Metro. Gov't of Nashville*, 877 S.W.2d 745, 749 (Tenn. Ct. App. 1993)). "In the absence of fraud or mistake, a contract must be interpreted and enforced as written even though it contains terms which may be thought harsh and unjust." *Allied Bus. Brokers, Inc. v. Musa*, No. W1999-00378-COA-R3-CV, 2000 WL 33191373, at *3 (Tenn. Ct. App. Nov. 22, 2000)(citing *Allstate Ins. Co. v. Wilson*, 856 S.W.2d 706, 708 (Tenn. Ct. App. 1992)); *see also Beasley v. Metro. Life Ins. Co.*, 229 S.W.2d 146, 148 (Tenn. 1950)(stating that, absent fraud, a party who signs a contract "signs the same at his peril, and is estopped to deny his obligation . . . and must suffer the consequences."). Tennessee "courts do not rewrite contracts merely because a party was unwise to agree to a term therein." *Carrington v. W.A. Soefker & Son, Inc*., 624 S.W.2d 894, 897 (Tenn. Ct. App. 1981).

There have been no findings of fraud or mistake with regard to the transactions between SunTrust and BKB. While it is true that SunTrust drafted the contract containing the challenged attorneys' fee provision, BKB is a sophisticated corporate entity. (Docket No. 49 at 16). BKB was not presented with the contract terms on a "take it or leave it" basis. The parties and their attorneys negotiated the complex loan transaction and swap arrangement over a long period of time. During this lengthy negotiation period, BKB could have negotiated for a different version of the provision or demanded that the attorneys' fee provision be stricken altogether from the parties' agreement. There is no evidence supporting either of these scenarios.

BKB makes much of the fact that the attorneys' fee provision is one-sided. It is undeniably so. This lack of mutuality, BKB maintains, makes the provision unconscionable because BKB is the only contracting party required to pay attorneys' fees. "Consideration is a necessary ingredient for every contract, but mutuality of obligation is not unless lack of

7

mutuality will leave one party without consideration for his or her promises." *Dobbs v. Guenther*, 846 S.W.2d 270, 276 (Tenn. Ct. App. 1992)(citations omitted). Indeed, "[t]hat portions of a contract may apply to one party but not to others has no bearing on the mutuality of parties' obligations as long as consideration exists and all parties are bound to honor the contract." *Id.* Based on the court's familiarity with the facts of this case, the court finds that adequate consideration existed and that BKB, like SunTrust, was bound by the Agreement. However, mutuality of obligation is not required and the lack thereof in Section 10.11 of the Agreement does not necessitate a finding of unconscionability.

The case of *Carrington v. W.A. Soefker & Son, Inc.*, 624 S.W.2d 894 (Tenn. Ct. App. 1981), is instructive. In *Carrington*, a sewer subcontractor sued a general contractor to recover payments for work performed and for damages allegedly sustained as a result of the general contractor's refusal to allow the subcontractor to complete the contract. The general contractor filed a counterclaim, alleging that the subcontractor had breached the contract, requiring the general contractor to complete the work at a cost in excess of the contract price. In addition, the general contractor claimed that, under the contract between the parties, the subcontractor was liable for all of the general contractor's costs, expenses, and attorneys' fees arising out of the litigation. The Tennessee Court of Appeals affirmed the lower court's decision in favor of the general contractor, including an award of attorneys' fees and expenses to the general contractor pursuant to the parties' contract. The attorneys' fee provision of that contract provided as follows:

> Should Contractor employ an attorney to enforce any of the
> provisions hereof, to protect its interest in any matter arising under
> this contract, or to collect damages for the breach of this contract
> or to recover on the surety bond given by Subcontractor under this

8

> contract Subcontractor and his surety jointly and severally agree to pay Contractor all reasonable costs, charges, expenses and attorney's fees expended or incurred therein.

*Id*. at 897. In affirming, the Tennessee Court of Appeals rejected the subcontractor's argument that the provision was unconscionable. *Id.* Although acquiescing that the provision was "broad indeed," the court found that the evidence did not preponderate against the reasonableness of an award of nearly $4,000 in attorneys' fees and expenses, concluding:

> Having to pay substantial fees, largely for one's opponent's defense, is admittedly a difficult pill for the appellant to swallow. However, courts do not rewrite contracts merely because a party was unwise to agree to a term therein. The contract has been burdensome for the appellant, *but it is not unconscionable*, and therefore the appellant is bound by its provisions.

*Id.* (emphasis added).

Like the attorneys' fees provision in this instant case, the provision in *Carrington* allowed only one contracting party to recover attorneys' fees arising out of litigation related to the parties' agreement. The *Carrington* provision, as does the SunTrust provision, obligated the payment of fees regardless of which party was the prevailing party in the litigation. The Tennessee Court of Appeals determined that the *Carrington* provision was not unconscionable. Likewise, this court cannot find, in view of all the facts and circumstances, that the instant attorneys' fee provision is unconscionable. Although the provision undoubtedly is a bitter pill for BKB to swallow, BKB entered into the contract containing the provision willingly, while represented by counsel, after many months of negotiation. BKB will be required to pay SunTrust's reasonable attorneys' fees and costs, pursuant to the parties' contract.

### 3. *Reasonableness of Request for Attorneys' Fees*

9

SunTrust requests an award of attorneys' fees in the amount of $67,026.70. As the Supreme Court has stated, "the 'most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Webb. v. Bd. of Educ. of Dyer Co., Tennessee*, 471 U.S. 234, 242 (1985)(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *see Ousley v. Gen. Motors Retirement Program for Salaried Employees*, 496 F. Supp.2d 845, 849-50 (S.D. Ohio. 2006). "There is a 'strong presumption' that this lodestar figure represents a reasonable fee." *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995)(quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)); *see Ousley*, 496 F. Supp.2d at 850.

"The party seeking attorneys fees bears the burden of documenting his entitlement to the award," *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir.1999); *Trustees of Bldg. Laborers Local 310 Pension Fund v. Able Contracting Group, Inc.*, No. 06CV1925, 2009 WL 792472, at *3 (N.D. Ohio Mar. 23, 2009), and "should submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.*

The court must also determine that the hours expended on the litigation were "reasonable." As the Supreme Court stated:

> The district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.' S. Rep. No. 94-1011, p. 6 (1976). Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. 'In the private sector, "billing

10

> judgment" is an important component in fee setting. It is no less
> important here. Hours that are not properly billed to one's client
> also are not properly billed to one's adversary pursuant to statutory
> authority.' *Copeland v. Marshall*, 205 U.S. App. D.C. 390, 401,
> 641 F.2d 880, 891 (1980) (en banc) (emphasis in original).

*Hensley*, 461 U.S. at 434.

In determining the reasonable rate, the court should consider the prevailing market rate in this area for lawyers of comparable experience and expertise, regardless of whether the attorneys in the case primarily practice in the Middle District of Tennessee. As the Sixth Circuit has found, "'hourly rates for fee awards should not exceed the market rates necessary to encourage competent lawyers to undertake the representation in question.'" *Doherty v. City of Maryville*, No. 3:07-cv-157, 2009 WL 324175, at *1 (E.D. Tenn. Sept. 30, 2009) (quoting *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986)).

After determining the lodestar amount, the court may adjust the fees upward or downward based on a number of considerations. Many of these factors were established by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974), *abrogated on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989), and adopted by the Supreme Court in *Hensley*, 461 U.S. at 434 n. 9. As noted by the Sixth Circuit in *Reed*, the *Johnson* factors are:

> (1) the time and labor required by a given case;
>
> (2) the novelty and difficulty of the questions presented;
>
> (3) the skill needed to perform the legal service properly;
>
> (4) the preclusion of employment by the attorney due to acceptance of the case;

11

> (5) the customary fee;
>
> (6) whether the fee is fixed or contingent;
>
> (7) time limitations imposed by the client or the circumstances;
>
> (8) the amount involved and the results obtained;
>
> (9) the experience, reputation, and ability of the attorneys;
>
> (10) the 'undesireability' of the case;
>
> (11) the nature and length of the professional relationship with the client; and
>
> (12) awards in similar cases.

*Reed*, 179 F.3d at 471 n. 3 (citing *Johnson*, 488 F.2d at 717-19). As the Supreme Court noted in *Hensley*, the *Johnson* factors may also be useful in determining the reasonable hourly rate. *See Hensley,* 461 U.S. at 434 n. 9.

Here, SunTrust seeks attorneys' fees in the amount of $67,026.70 for the work of four attorneys and one legal assistant in this case. Attorney Garry K. Grooms asserts that he spent 186.70 hours working on the case at a rate of $330 per hour, attorney Samuel B. Zeigler asserts that he spent 82.80 hours at a rate of $180 per hour, attorney Robert C. Goodrich asserts that he spent .6 hours working on the case at a rate of $380 per hour, and attorney Melissa C. Hunter asserts that she spent 4.4 hours working on the case at $170 per hour. Legal assistant Lisa M. Stramer asserts that she spent 27.30 hours working on the case at $90 per hour. At these hourly rates, the fees chargeable to SunTrust would have been $79,948.00. However, due to "discounts and reductions offered by the firm and taken by SunTrust," the amount actually incurred by SunTrust through October 23, 2009, was $67,026.70. (Docket No. 55 at 2). This discounted or

12

reduced fee is the fee sought by SunTrust in its pending motion.

In support of its request for fee reimbursement, SunTrust has submitted the Declaration of Garry K. Grooms, who attests that, based upon his work on the case and his experience in handling similar matters in the Middle Tennessee area, the hourly rates charged for his firm's work in the case are within the range of reasonableness and consistent with the prevailing rates charged in similar matters in the Middle Tennessee area. (Docket No. 55). Mr. Grooms further attests that the time entries and work performed were reasonably necessary for the tasks undertaken in this case, given the following considerations: (1) the amount of damages involved in this case; (2) the complexity of the legal issues concerning the merits of the case and the time limitations imposed by the circumstances; (3) the quality of legal representation for SunTrust and the zeal in which the representation was pursued; (4) the skill, time, and labor required to perform the legal services properly; and (5) the experience, reputation, and ability of the lawyers doing the work. (Docket No. 55 ¶¶ 6,7 ). Along with Mr. Grooms' Declaration, SunTrust submitted approximately fifteen pages of billing records outlining the billing rates of the charging parties, the hours spent, the types of services rendered, along with explanatory summaries and explanations. (Docket No. 55, Ex. 1).

BKB does not challenge the reasonableness of the hourly rate sought by SunTrust on behalf of its attorneys or legal assistants. Neither does BKB challenge the number of hours billed by SunTrust's legal team or the nature of the legal services provided.

The court has carefully reviewed the extensive documentation submitted by SunTrust in support of its request for an award of attorneys' fees. On review of the record and based on the

court's own experience as a practicing attorney in the Middle Tennessee area, the court finds that the rates requested by SunTrust are reasonable and represent the expertise and experience of the defendant's skilled attorneys. Further, the court finds that the hours submitted by SunTrust's attorneys are reasonable. Given that the plaintiff has raised no objections to any of the attorneys' time entries, the court finds no basis for reducing the number of hours charged.

SunTrust has not requested that the total fee be increased based on any of the *Johnson* factors, and the court finds that there is no basis for increasing or decreasing the lodestar amount in light of the *Johnson* factors or other considerations. The time and effort of SunTrust's counsel will be compensated fully by the award of reasonable fees.

In summary, the court finds that the lodestar amount represents reasonable compensation in this case. On its request for the award of attorneys' fees, judgment will be entered in favor of SunTrust in the lodestar amount of $67,026.70.

### 4. *Reasonableness of Request for Expenses*

SunTrust also requests an award of related expenses exclusive of costs shown on the bill of costs. An itemized statement of related expenses is attached to Mr. Grooms' Declaration. (Docket No. 55, Ex. 1, pp. 14-15). He seeks reimbursement for expenses in the amount of $2,689.88.

Again, BKB has not objected to any of the expenses sought and documented by Mr. Grooms. The court has reviewed the itemized statement and finds that the enumerated expenses are clearly identified and reasonable. On its request for the award of costs incurred by SunTrust in connection with this matter, judgment will be entered in favor of SunTrust in the amount of $2,689.88.

## CONCLUSION

Section 10.11 of the parties' Construction Loan Agreement governs SunTrust's instant motion for attorneys' fees and expenses. Section 10.11 is not an unconscionable contract provision. Under the plain terms of Section 10.11, BKB is liable to SunTrust for all reasonable attorneys' fees and related expenses incurred by SunTrust in connection with this action. On review of the record, and in the absence of objections by BKB, the court finds that the reasonable attorneys' fees in this case are $67,026.70 and expenses are $2,689.88. Thus, SunTrust will be awarded $69,716.58 in fees and costs.

SunTrust states that the fees and expenses it anticipates that it will incur in connection with BKB's appeal are not included in the instant motion but will be the subject of a second motion to be filed after remand in accordance with Local Rule 54.01(b)(2). Be that as it may, the court will address any matters related to the appeal at the appropriate time.

An appropriate Order will follow.

_____
ALETA A. TRAUGER
United States District Judge

15

Case 3:08-cv-00529   Document 59   Filed 01/13/10   Page 15 of 15 PageID #: 1316